# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| BILLY BANDRATE TAYLOR, | § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 5:19-CV-00095-RWS |
| v. | § § | |
| DIRECTOR, TDCJ-CID, | § § | |
| Defendant. | § § | |

## ORDER

Petitioner Billy Bandrate Taylor, a prisoner confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a report recommending that the petition be dismissed without prejudice as a successive petition filed without authorization from the United States Court of Appeals for the Fifth Circuit. Docket No. 3.

The petitioner filed objections to the Report and Recommendation. Docket No. 6. The Court now conducts a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

The petitioner contends that this Court should review the merits of his constitutional claims because his attorney admitted in an affidavit to providing ineffective assistance of counsel. Docket No. 6 at 1. In particular, the petitioner argues that he should not have to obtain an order authorizing

a successive petition from the Fifth Circuit because his attorney's affidavit is newly discovered evidence of constitutional violations. *Id.* at 2.

The petitioner's attorney affidavit is not a newly discovered fact permitting a successive petition under 28 U.S.C. § 2244(b)(2). *See Garcia v. Quarterman*, 573 F.3d 214, 221–22 (5th Cir. 2009) (contrasting proper petition with "claims based on a *factual* predicate" and improper petitions "based on newly discovered *evidence*"). Accordingly, the petitioner was required to obtain authorization from the Fifth Circuit to file his second petition. *See* § 2244(b)(3).

Because the petitioner has not received authorization from the Fifth Circuit to file a successive petition, this Court may not consider the merits of the petition. *See* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that the District Court did not have jurisdiction to consider a second or successive habeas petition filed without authorization from the Court of Appeals).

The petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The petitioner must make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). The petitioner need not establish that he should prevail on the merits. *See Slack*, 529 U.S. at 483–84. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Id.*; *see also* Avila *v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition

raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

First, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. Second, the petitioner's factual or legal questions are not novel and have been consistently resolved against him. Third, the questions presented are not worthy of encouragement to proceed further. Accordingly, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

Accordingly, it is **ORDERED** that the petitioner's objections (Docket No. 6) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**So ORDERED and SIGNED this 10th day of January, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE